UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF JSC COMMERCIAL BANK PRIVATBANK,<br><br>Applicant. | Case No. 21-mc-80216-VKD<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Applicant JSC Commercial Bank PrivatBank ("PrivatBank") seeks an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena on Google LLC ("Google") for evidence to be used in pending litigation in the United Kingdom. Dkt. No. 1. For the reasons stated below, the Court grants the application.

## I.   BACKGROUND

According to the application, PrivatBank is the plaintiff in a civil action against Gennadiy Borisovich Bogolyubov and several other defendants in the High Court of Justice, Business and Property Courts of England and Wales in the United Kingdom, Case No. BL-2017-000665 (the "English Action"). Dkt. No. 2 at 3. PrivatBank contends that that Mr. Bogolyubov and the other defendants misappropriated approximately $1.91 billion from PrivatBank while it was under their ownership and control as part of scheme to defraud the bank and its stakeholders. *Id.* at 2.

During discovery in the English Action, Mr. Bogolyubov disclosed that had three email accounts with Google that he claimed he could not access because no longer had the passwords and could not remember any of the alternative information necessary to access the accounts through Google's usual account recovery procedures. *Id.* PrivatBank represents here, and has

represented to the English court, that information already obtained suggests that these email accounts are associated with Mr. Bogolyubov and likely contain evidence relevant to the English Action. *See* Dkt. No. 2 at 5-6; Dkt. No. 3-3 (Ex. T) at ECF pp. 126-27.

At the English court's direction, Mr. Bogolyubov signed a statement, or "mandate," identifying three email accounts, attesting to his ownership of the accounts, and consenting to disclosure of the contents of each account to his counsel in the English Action. Dkt. No. 2 at 6. The mandate states in relevant part:

> To Google:
>
> I, Gennadiy Borisovich Bogolyubov, am the subscriber/owner of the accounts:
>
> - gennadiy.bb@gmail.com;
> - dn200162bgb@gmail.com; and
> - gbb2001@gmail.com
>
> I hereby consent to the disclosure of all data contained in or relating to my accounts of whatever nature (including, but not limited to, emails and documents (including deleted items), account/subscriber information and metadata), to the law firm of Enyo Law LLP ("Enyo Law"). . . .
>
> I further consent to your providing a copy of all data contained in or relating to my accounts of whatever nature to Enyo Law as soon as possible, and to follow any and all further instructions from Mr. George Maling concerning access to or copies of data in or relating to my accounts.
>
> I further consent to your providing all such data (including contents of communications) to Enyo Law pursuant to 18 U.S. Code §§ 2702(b)(3) and 2702(c)(2). . . .
>
> [signed "Bogolyubov" June 29, 2021]

Dkt. No. 3-3 (Ex. Y) at ECF p. 154.

PrivatBank now seeks permission to serve a subpoena addressed to Google for the following documents:

1. All emails associated with gennadiy.bb@gmail.com, dn200162bgb@gmail.com, and/or gbb2001@gmail.com (the "gmail accounts"), including but not limited to emails that were sent from or received by any of the gmail accounts, draft emails associated with

1      any of the gmail accounts, or deleted emails associated with any of the gmail accounts.

2      2. All data contained in or relating to the gmail accounts of whatever nature (including,
3         but not limited to, emails and documents (including deleted items), account/subscriber
4         information and metadata).

5      3. All other data contained in or relating to the gmail accounts of whatever nature,
6         including but not limited to information sufficient to show when, on what dates, and by
7         which persons or IP addresses any of the gmail accounts were last accessed.

Dkt. No. 1-2 at ECF p. 5.  In addition, PrivatBank asks the Court to order that all responsive documents and information be provided only to Mr. Bogolyubov's legal counsel in the English action, Mr. Maling of Enyo Law LLP.  Dkt. No. 1-1.

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege.  28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-47 (2004).  The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person."  *Intel*, 542 U.S. at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted.  *Id.* at 264.  In exercising that discretion, the court considers several factors:

(1) whether "the person from whom discovery is sought is a participant in
    the foreign proceeding";
(2) "the nature of the foreign tribunal, the character of the proceedings
    underway abroad, and the receptivity of the foreign government or the
    court or agency abroad to U.S. federal-court judicial assistance";
(3) whether the discovery request "conceals an attempt to circumvent
    foreign proof-gathering restrictions or other policies of a foreign country

3

|     |     |
| --- | --- |
| 1   | or the United States"; and |
| 2   | (4) whether the discovery requested is "unduly intrusive or burdensome." |

*Id.* at 264-65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an ex parte basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re: Ex Parte Application Varian Med. Sys. Int'l AG, Applicant*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

### III. DISCUSSION

#### A. Statutory Requirements

PrivatBank's application satisfies the statutory requirements of 28 U.S.C. § 1782(a). First,

4

the subpoena seeks discovery from Google, which has its headquarters in Mountain View, California, within the Northern District of California. Dkt. No. 2 at 8. Second, PrivatBank requests this discovery for use in pending proceedings before a court in the United Kingdom, a foreign tribunal. Third, as a party in the U.K. proceedings, PrivatBank is an interested person within the meaning of the statute.

### B.    *Intel* Factors

Even if the Court has the authority to grant PrivatBank's § 1782 application, that does not mean the Court is required to do so. *Intel*, 542 U.S. at 247. In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional *Intel* factors.

#### 1.    Participation of respondent in the foreign proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotations and citation omitted).

According to the application, Google is not a party to the English Action, and the discovery sought by subpoena is located outside the jurisdiction of the foreign tribunal. Dkt. No. 2 at 10. In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence. *Intel*, 542 U.S. at 264. The Court finds that this factor weighs in favor of the requested discovery.

#### 2.    Receptivity of foreign tribunal to U.S. judicial assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4. "[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id.*

5

(internal quotations and citations omitted). Courts have denied requests for discovery where the foreign tribunal or government expressly says it does not want the U.S. federal court's assistance under § 1782. *See, e.g.*, *Schmitz*, 376 F.3d at 84-85 (affirming the denial of discovery where the German government expressly objected to the information sought due to concerns that it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte Appl. of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040-41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where the Korean Fair Trade Commission filed an amicus brief stating that it had no need or use for the requested discovery).

Here, PrivatBank observes that the English court expressly directed Mr. Bogolyubov to provide a mandate indicating his consent to Google's disclosure of the documents and information PrivatBank seeks, and that the English court further directed PrivatBank to afford Mr. Bogolyubov an opportunity to review and object to PrivatBank's § 1782 application in advance of its filing. Dkt. No. 2 at 10. PrivatBank says that Mr. Bogolyubov has raised no objections. *Id.* In addition, PrivatBank argues that other district courts in several other cases have recognized that English courts have been receptive to discovery obtained by means of a § 1782 application. *See id.* (citing cases).

The Court concludes that this factor weighs in favor of authorizing service of the subpoena.

### 3. Circumvention of proof-gathering restrictions

Under this factor, the Court considers whether PrivatBank's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "'A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis.'" *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (quoting *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013)). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal.

Dec. 15, 2014); *see also In re Eurasian Nat. Res. Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018) (finding that the third *Intel* factor weighed in favor of discovery where there was "no evidence" of an attempt to circumvent foreign proof-gathering restrictions or policies).

Here, PrivatBank represents no restrictions or policies of the English court that would limit the gathering of the specific evidence PrivatBank seeks here, as that court has expressly approved PrivatBank's efforts to obtain the evidence by means of a § 1782 application. Dkt. No. 2 at 11. Moreover, PrivatBank emphasizes that it seeks an order requiring Google to disclose responsive documents and information from Mr. Bogolyubov's own email accounts to Mr. Bogolyubov's own counsel so that those materials may be reviewed and produced in accordance with the English court's ordinary discovery procedures. *Id.*

The Court concludes that this factor also weighs in favor of authorizing service of the subpoena.

### 4.     Unduly burdensome or intrusive discovery

Under this factor, the Court considers whether the discovery is sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

PrivatBank seeks the production all documents and information "contained in or relating to" the three email accounts identified in the application, without limitation as to date or subject matter. Dkt. No. 1-2 at ECF p. 5. Although the scope of such discovery is very broad, it appears warranted here, as the purported goal is to obtain access to the contents of accounts held by Mr. Bogolyubov so that he may review and produce responsive materials from those accounts. The record before the Court does not permit a determination as to whether such production will be unduly burdensome for Google. However, as Google will have the opportunity to object to these document requests following service of the subpoena, the Court concludes that this factor weights in favor of authorizing service of the subpoena.

### C.     Stored Communications Act

As PrivatBank acknowledges, its application implicates the provisions of the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701-2703. *See* Dkt. No. 2 at 12. The SCA

1 prohibits service providers, like Google, from disclosing the contents of an account holder's electronic communications, unless one of several exceptions applies.  18 U.S.C. § 2702(a)(1), (a)(2); 18 U.S.C. § 2702(b)(1)-(9).  One such exception is that a service provider may disclose the contents of an account holder's electronic communications with the "lawful consent" of the account holder.  18 U.S.C. § 2702(b)(3).  The statue does not define "lawful consent" or describe how it may be established.

The application reflects that Mr. Bogoluybov has expressly consented to disclosure of the materials within the scope of the subpoena.  Dkt. No. 3-3 (Ex. Y) at ECF p. 154.  He asserts that he is the account holder, and this representation is consistent with other information in the record before the Court.  *See, e.g.,* Dkt. No. 2 at 5-6; Dkt. No. 3-3 (Ex. T) at ECF pp. 126-27.  However, Mr. Bogoluybov apparently attempted to obtain access to the three email accounts using Google's account recovery procedures but was unsuccessful.  Dkt. No. 2 at 5.  The record does not clearly reveal why Google refused to allow him access to these accounts, or whether Google has information suggesting that Mr. Bogoluybov is not, in fact, the holder of these email accounts.

In these circumstances, the Court concludes that PrivatBank has made a sufficient showing that Mr. Bogoluybov is the holder of the three email accounts and that he has provided the consent required by the SCA.  Google will have the opportunity to move to quash the subpoena if it contends otherwise, and if it believes the SCA prohibits disclosure of the subpoenaed materials.

**IV.    CONCLUSION**

PrivatBank's application meets the statutory criteria for an order authorizing service of the proposed subpoena.  In addition, the factors that inform the Court's exercise of its discretion under *Intel* also favor authorizing service of the subpoena.

Accordingly, the Court authorizes service of the proposed subpoena on Google.  All documents and information responsive to the subpoena shall be produced only to the law firm of Enyo Law LLP ("Enyo"), Mr. Bogolyubov's legal counsel, attention George Maling (and not to Hogan Lovells, the Bank, or any other representatives).  Mr. Maling's address is 1 Tudor Street, London, EC4Y 0AH, his email address is george.maling@enyolaw.com, and his telephone number is +44 203 837 1604.  PrivatBank shall comply with Rule 45 of the Federal Rules of Civil

8

Procedure in fixing the date for Google's compliance with the subpoena.

This order does not foreclose Google from moving to quash or to modify the subpoena following service. At the time of service of the subpoena, PrivatBank must also serve a copy of this order on Google.

**IT IS SO ORDERED.**

Dated: September 24, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge